UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KENT VAUGHN, § § § § § § § § § § § | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 4:17-CV-2749 |
| HARRIS COUNTY HOSPITAL DISTRICT, *et al.*, | |
| Defendants. | |

### ORDER ON MOTION FOR LEAVE TO REPLY, AMENDED MEMORANDUM AND RECOMMENDATION ON MOTION TO DISMISS, AND MEMORANDUM AND RECOMMENDATION ON MOTION FOR LEAVE TO AMEND

Pending before the Court[1] are Relator's Motion for Leave to File a Third Amended Complaint (Dkt. No. 171) and Motion for Leave to File a Reply in Support of his Objections to the Court's Memorandum and Recommendation dated August 4, 2021 (Dkt. No. 185; *see* Dkt. No. 166). Based on a thorough review of the motions, arguments, and relevant law, the Court **GRANTS** the Motion for Leave to Reply and **AMENDS** a portion of its earlier Memorandum and Recommendation. The Court also **RECOMMENDS** the Motion for Leave to Amend be **DENIED**.

**I.    BACKGROUND**

This is a *qui tam* action brought by Relator Kent Vaughn ("Relator") on behalf of the United States under the False Claims Act, 31 U.S.C. § 3729 *et seq.* ("FCA"), alleging generally that Defendants—who are various medical schools and public and private hospitals in Harris

---

[1] On October 2, 2020, the District Judge referred the case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 145.)

County, Texas—engaged in a scheme to defraud the United States Government in relation to its share of Medicaid expenses. (Dkt. No. 29.)

Relator worked as an Associate Administrator for Provider Practices and Contracting from 2010 to 2016, during which he allegedly uncovered a scheme between Defendant Harris County Hospital District and its affiliates ("Public Hospitals"), Defendant Harris County Clinical Services and its affiliates ("Private Hospitals"), and Defendant Affiliated Medical Services ("Medical Schools"). (*Id.* ¶ 25.) Relator alleges the scheme—which the Court hereinafter refers to as the "Program"—involved a three-way trade of cash in which Private Hospitals paid Medical Schools an above-market rate to staff Public Hospitals at no cost to the Public Hospitals. (*Id.* ¶¶ 7, 110.) Public Hospitals then used the savings generated by not paying its own medical staff to fund intergovernmental transfers to Texas and ultimately to the Centers for Medicare and Medicaid Services ("CMS") at the federal level. (*Id.* ¶¶ 4, 65.) CMS then matched Texas's contributions and the sum was eventually paid to Private Hospitals at a substantial profit. (*Id.* ¶¶ 7–11.) Relator asserts the Program was an illegal *quid pro quo* arrangement because it involved non-bona fide donations ineligible for federal matching and benefited everyone but the federal government. (*Id.* ¶¶ 70–81, 103.)

Relator filed his Original Complaint on August 31, 2017 (Dkt. No. 1) and his First Amended Complaint on October 23, 2017 (Dkt. No. 3). The United States ("Government") declined to intervene in the case but remains a real party in interest. (Dkt. No. 13.) On August 13, 2019, Relator filed his Second Amended Complaint. (Dkt. No. 29.) Defendants subsequently filed a Joint Motion to Dismiss, arguing primarily that Relator's allegations fail under the public disclosure bar because the details of the Program were publicly known and Relator does not qualify as an original source of this information. (Dkt. No. 121 at 11, 17–35.) The Court asked the

Government to weigh in on the matter, and the Government submitted a Statement of Interest indicating it agreed with Defendants that the bulk of Relator's allegations fail under the public disclosure bar. (Dkt. Nos. 149–150.) Both parties responded to the Statement of Interest. (Dkt. Nos. 155, 161.) Relator then filed a Motion for Leave to Reply to the Statement of Interest and a Reply in support of the request (Dkt. Nos. 162, 164), but the Court denied the Motion for Leave to Reply as unnecessary (Dkt. No. 165).

On August 4, 2021, the Court issued its Memorandum and Recommendation ("M&R") finding Relator's claims arising after 2010 were barred by public disclosure and recommending dismissal of those claims. (Dkt. No. 166.)[2] However, the Court found there was insufficient information on Relator's earlier claims and thus recommended allowing limited discovery on the issue. (*Id.*) The Court further recommended Relator be denied leave to amend his complaint because he did not explain how he would cure its deficiencies or provide a proposed amended complaint. (*Id.*) Relator objected to the M&R and filed the pending Motion for Leave to Reply to his Objections. (Dkt. Nos. 170, 185.) Relator also filed the pending Motion for Leave to Amend and a redlined version of the proposed Third Amended Complaint. (Dkt. Nos. 171, 191.)[3] For the reasons described below, the Court finds it appropriate to grant Relator's Motion for Leave to Reply and amend a portion of its earlier M&R. The Court also finds it appropriate to deny Relator's Motion for Leave to Amend.

---

[2] Congress amended the public disclosure bar in 2010 through the Patient Protection and Affordable Care Act. *See* 31 U.S.C. § 3730(e)(4). The amendment was not retroactive. *United States ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 326 n.6 (5th Cir. 2011).

[3] Defendants jointly oppose both pending motions. (Dkt. Nos. 179, 186.) Defendant UT Physicians filed an individual response to Relator's Motion for Leave to Amend. (Dkt. No. 180.) Because the Court recommends denying the Motion for Leave to Amend for reasons common to all Defendants, it does not address this individual response.

## II. MOTION FOR LEAVE TO REPLY

Relator seeks leave to reply to his M&R Objections in order to address key issues raised by Defendants in their response, which Relator asserts contain misstatements of fact and law. (Dkt. No. 185 at 2.) In his proposed reply, Relator characterizes these issues as the same as those that led this Court to recommend partial dismissal of the case. (Dkt. No. 185-1 at 1.) Defendants oppose the motion, arguing that Relator has had "every opportunity to fully present his arguments to the Court" and that neither the Federal Rules of Civil Procedure nor the Local Rules of the Southern District of Texas permit such replies. (Dkt. No. 186 at 1.) While the Court agrees with Defendants, it nonetheless grants Relator's motion for the purpose of addressing a particular aspect of the Court's earlier M&R.

Relator asserts the Court erred in stating that "the above-market payments [by Private Hospitals] to Medical Schools did not increase the amount of funds available to transfer from Public Hospitals to Texas and therefore did not impact the amount of Medicaid funds allegedly stolen from the federal government." (Dkt. No. 166 at 24.) The Court made this statement in the context of determining that Relator's allegations not in the public domain—particularly above-market payments and coverage of non-indigent care—were not vital to the Program and thus did not preclude application of the public disclosure bar. (*Id.* at 23–25.) Relator asserts that this statement fails to take his well-pleaded allegations as true and instead accepts Defendants' and the Government's characterizations. (Dkt. No. 170 at 15–19; Dkt. No. 185-1 at 6–8.) Relator also points to two paragraphs in his Second Amended Complaint in which he alleges the above-market

payments caused Public Hospitals to make increased transfers that ultimately led to increased payments by the federal government. (Dkt. No. 170 at 17; *see* Dkt. No. 29 ¶¶ 105–106.)[4]

The Court recognizes that its statement goes beyond the parties' arguments and is not necessarily consistent with the two paragraphs Relator identifies in his complaint. However, the statement is not central to the Court's conclusions. It is the *existence* of these payments, rather than the amount, that forms the basis of the Program's structure and that was known to the public. Indeed, under Relator's own theory of the case, the Program would still be illegal even if the payments were not above-market in value. (*See* Dkt. No. 29 ¶¶ 73–74.) The Court, therefore, maintains that the extra allegations provided by Relator not in the public domain do not alter the nature of the alleged scheme and thus do not preclude Relator's suit from being based on public disclosures. For the sake of accuracy and clarity, however, the Court hereby amends its earlier M&R (Dkt. No. 166) to remove the disputed sentence.

### III. MOTION FOR LEAVE TO AMEND

Rule 15 of the Federal Rules of Civil Procedure directs courts to "freely give leave [to amend the pleadings] when justice so requires." FED. R. CIV. P. 15(a)(2). In fact, "district courts in the Fifth Circuit 'must entertain a presumption in favor of granting parties leave to amend.'" *In re BP P.L.C. Sec. Litig.*, No. 10-CV-4214, 2017 WL 914995, at *2 (S.D. Tex. Mar. 8, 2017) (quoting *Mayeaux v. La. Health Serv. and Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004)). Leave to amend is not automatic, however, and courts have discretion to deny leave in the face of undue

---

[4] Relator contends that these paragraphs do not conflict with his other allegations that transfers were based on the cost savings Public Hospitals realized by not having to pay for staffing, as the two ideas are not mutually exclusive. (Dkt. No. 185-1 at 7.) In other words, Relator asserts the cost savings created a source of funds to transfer, but the existence of above-market payments still impacted the amount of those funds ultimately transferred and thus impacted the amount of money allegedly stolen from the federal government. (*Id.*)

delay, bad faith, prejudice, and futility of amendment, among other reasons. *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 391 (5th Cir. 2005). "[I]t is [also] appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *see also Lumpkins v. Office of Cmty. Dev.*, 621 F. App'x 264, 271 (5th Cir. 2015).

Relator seeks leave to file a Third Amended Complaint to address two issues that, according to Relator, led this Court to improperly recommend partial dismissal of his claims. (Dkt. No. 171 at 3.) First, Relator seeks to clarify how above-market payments did, in fact, impact the amount of Medicaid funds stolen from the federal government. (*Id.*) Second, Relator seeks to reframe his factual allegations under a new legal theory that he asserts would survive a public disclosure bar analysis—namely, that the Program was illegal because Defendants submitted claims involving insured patients, unreasonable expenses, and costs never incurred. (*Id.* at 3, 5–6.) Relator asserts he is entitled to make these changes and clarifications because none of the factors that allow courts to deny amendment are present here. (*Id.* at 5–10.) The Court disagrees.

As to Relator's desire to clarify the impact of above-market payments, the Court has already found that any such clarification does not change the conclusion that Relator's allegations are barred by public disclosure. Amendment in this regard, therefore, would be futile. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (noting leave to amend can be appropriately denied when "it is clear that the defects [of a complaint] are incurable"); *see, e.g.*, *United States ex rel. Sirls v. Kindred Healthcare, Inc.*, No. 16-CV-683, 2021 WL 1721864, at *5 (E.D. Pa. Apr. 29, 2021) (denying leave to file amended complaint as futile because relator's claims would remain barred by public disclosure); *United States ex rel. Hendrickson v. Bank of Am., N.A.*, 343 F. Supp. 3d 610, 637 (N.D. Tex. 2018) (same), *aff'd*, 779

F. App'x 250 (5th Cir. 2019); *United States ex rel. Sullivan v. Atrium Med. Corp.*, No. 13-CV-244, 2015 WL 13799759, at *16 (W.D. Tex. June 15, 2015) (same), *report and recommendation adopted*, 2015 WL 13799754 (July 30, 2015).

As to Relator's desire to bring his allegations under a new legal theory, the Court finds the belated attempt unwarranted. It is true that leave to assert a new legal theory based on the same underlying facts can sometimes be appropriate. *See Mayeaux*, 376 F.3d at 427 (holding such amendments should generally be permitted when they do not fundamentally alter the nature of the case); *Dussouy*, 660 F.2d at 599 (stating leave to amend is appropriate when "failure to include in the complaint a known theory of the case arises . . . from a reasonable belief that the theory is unnecessary to the case"). However, "where the movant first presents a theory difficult to establish but favorable and, only after that fails, a less favorable theory, denial of leave to amend on the grounds of bad faith may be appropriate." *Dussouy*, 660 F.2d at 599 (noting parties should not be able to engage in "tactical maneuvers [that] force the court to consider various theories seriatim"). "Pleadings review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right." *Ordemann v. Unidentified Party*, No. 06-CV-4796, 2008 WL 695253, at *4 (E.D. La. Mar. 12, 2008) (quotations omitted).

This case has been pending for over four years and Relator has already filed three complaints, each of which contains over 200 paragraphs. (*See* Dkt. Nos. 1, 3, 29.) The parties have filed almost 500 pages of substantive briefing on Relator's Second Amended Complaint, and none of these briefs discuss Relator's alternative legal theory. Now, after the Court reviewed these filings and recommended partial dismissal, Relator seeks to pivot legal theories and file an almost

completely rewritten complaint.[5] Relator appears to argue this strategy was reasonable because he could not have anticipated the Court would misunderstand the facts and law. (*See* Dkt. No. 189 at 2.) But this argument is belied by the Government's Statement of Interest—filed before the Court made any substantive decisions—taking the same position as the Court that most of Relator's allegations fail under the public disclosure bar. (*See* Dkt. No. 150.) In other words, Relator could not have been reasonably surprised by the Court's conclusions.

Relator could have filed a motion for leave to amend after the Government took its position and before the Court expended judicial resources analyzing the extensive briefing in this case.[6] Instead, Relator waited to see if his more favorable legal theory would prevail and only after it became clear that it likely would not did he seek to assert a different theory. This is exactly the kind of tactical maneuvering the Fifth Circuit has cautioned against. *See Dussouy*, 660 F.2d at 599. Relator's request for leave to assert a new legal theory is unreasonable and should be denied. *See e.g.*, *Wentwood Woodside I, LP v. GMAC Com. Mortg. Corp.*, 419 F.3d 310, 318 (5th Cir. 2005) (affirming denial of leave to amend when plaintiff could have pleaded his new theory as an alternative in his original complaint but chose not to do so until after summary judgment); *Gregory v. Mitchell*, 634 F.2d 199, 202–03 (5th Cir. 1981) (affirming denial of leave to amend to change legal theories because dispositive motions had already been taken under submission); *Sirls*, 2021 WL 1721864, at *4 (rejecting relator's "wait-and-see" approach and denying relator "a fourth bite at the apple simply because his prior strategic decision was unsuccessful"); *Smith v. Chrysler Grp., LLC*, No. 15-CV-218, 2016 WL 7743688, at *4 (E.D. Tex. Aug. 12, 2016) (finding plaintiff's

---

[5] In fact, almost all of the 278 paragraphs in the Third Amended Complaint contain substantive revisions or additions. (*See* Dkt. No. 191.)

[6] Relator did request leave to amend in his response to Defendants' Motion to Dismiss. (Dkt. No. 130 at 59.) However, as noted above, the Court recommended denying this request because it contained no information on how it would cure deficiencies. (Dkt. No. 166 at 27.)

belated attempt to assert more favorable legal theories was the type of gamesmanship repeatedly rejected by the Fifth Circuit, as she could have originally pleaded her claims in the alternative).[7]

In sum, amendment to clarify the impact of above-market payments would be futile and amendment to assert a new legal theory would be unreasonable and impose an unnecessary burden on Defendants and the Court. Relator has had sufficient opportunity to plead his claims, and leave to amend should be denied. *See United States ex rel. Gage v. Davis S.R. Aviation, L.L.C.*, 623 F. App'x 622, 628 (5th Cir. 2015).

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Relator's Motion for Leave to Reply (Dkt. No. 185) and **AMENDS** its earlier M&R (Dkt. No. 166) as described above. The Court also **RECOMMENDS** Relator's Motion for Leave to Amend (Dkt. No. 171) be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

---

[7] The cases cited by Relator are distinguishable and do not require a different result. *See, e.g.*, *Bellwether Enter. Real Est. Cap. v. Jaye*, No. 19-CV-10351, 2020 WL 5046488, at *5 (E.D. La. Aug. 26, 2020) (finding leave to amend appropriate because it was reasonable for plaintiff to believe the alternate claims were unnecessary); *Valdez v. Cap. Mgmt. Servs., LP*, No. 09-CV-246, 2010 WL 11665010, at *5 (S.D. Tex. Aug. 20, 2010) (granting leave to amend when motions to dismiss were still pending in order to *avoid* having to decide theories in seriatim).

**SIGNED** in Houston, Texas on December 16, 2021.

_____
Sam S. Sheldon
United States Magistrate Judge