United States District Court
Southern District of Texas
**ENTERED**
April 20, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENT VAUGHN, *et al,* § | | CIVIL ACTION NO. |
| Plaintiffs, § | | 4:17-cv-02749 |
| § | | |
| § | | |
| vs. § | | JUDGE CHARLES ESKRIDGE |
| § | | |
| § | | |
| HARRIS COUNTY § | | |
| HOSPITAL DISTRICT § | | |
| *d/b/a* HARRIS COUNTY § | | |
| HEALTH SYSTEM, *et al*, § | | |
| Defendants. § | | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

The Memorandum and Recommendation of the Magistrate Judge as amended by him is adopted as the Memorandum and Order of this Court. Dkts 166 & 192.

1. Background

Defendant Harris County Hospital District is a public hospital system providing care for indigent and nonindigent patients. Dkt 29 at ¶ 36. Defendant Harris County Clinical Services is a nonprofit umbrella organization composed of private hospitals. Id at ¶ 26. Defendant Affiliated Medical Services is a nonprofit health system organization composed of Baylor College of Medicine and the UT Health Science Center. Id at ¶ 43. Several affiliate Defendants were voluntarily dismissed from this action previously. See id at ¶¶ 26–43; see also Dkt 129.

Plaintiff Kent Vaughn is a former employee of HCHD, where he served as the Associate Administrator for Provider Practices and Contracting from 2010 until his

termination in February 2016. His duties included overseeing and amending contractual relationships between HCHD, HCCS, and AMS. Dkt 29 at ¶ 25. He claims that his termination was in retaliation for attempts to bring to light an alleged illicit *quid pro quo* scheme between Defendants to divert Medicaid funds for their own financial benefit. Id at ¶¶ 5, 281. The details of that scheme are set out in the Memorandum and Recommendation and needn't be further specified here. What's important is that Vaughn claims to have uncovered the scheme during the course of his employment, while consistently attempting to address his concerns with those involved—for which he was ultimately terminated. Id at ¶¶ 179–200.

Vaughn brought this case as the Relator in a *qui tam* action under the False Claims Act on behalf of the United States pursuant to 31 USC § 3729 *et seq*. The United States and State of Texas declined to intervene but remain real parties in interest. Dkts 13 & 14.

The action was referred in October 2020 to Magistrate Judge Sam S. Sheldon to administer pretrial matters. Dkt 145. HCHD and certain other related Defendants previously moved to dismiss the claim by Vaughn for retaliation as inadequately pleaded. Dkt 123. Judge Sheldon recommended that the motion be denied, which recommendation was adopted in September 2021. Dkts 167 & 174.

Pending are Defendants' joint and individual motions to dismiss, along with a motion by Vaughn seeking leave to file a third amended complaint. Dkts 121, 122, 124–27 & 171; see also Dkt 130 at 69 (request for leave to amend). Judge Sheldon considered and ruled upon each, as described below.

2. Legal standard

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). To accept any other portions to which there is

no objection, the reviewing court need only satisfy itself that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) Advisory Comm Note (1983).

### 3. Analysis

#### a. Initial recommendation

Judge Sheldon issued an initial Memorandum and Recommendation in August 2021. He recommends that Defendants' motion to dismiss be granted as to Vaughn's allegations under the *post*-amendment version of the FCA, and that those claims by Vaughn be dismissed with prejudice. But as to allegations under the *pre*-amendment version of the FCA, he recommends that Defendants' motion be denied so that certain discovery can proceed in that regard. He further recommends that Defendants' individual motions to dismiss be denied as moot, and that Vaughn's request for leave to amend denied as futile. Dkt 166.

Vaughn timely objected. Dkt 170. He contends that Judge Sheldon erred in concluding that his allegations were publicly disclosed within the meaning of the FCA on the basis that the public disclosures identified by Defendants are too general and lack the additional specific details found in his second amended complaint. Id at 35–38; see also Dkt 166 at 14–25. Related to this, Vaughn maintains that Judge Sheldon improperly concluded that he doesn't qualify as an original source under the post-amendment public disclosure bar, and that the evidence is insufficient to determine whether he's an original source under the pre-amendment version of the same. Dkt 170 at 12–34; see also Dkt 166 at 11–14, 25–26.

*As to the pre-amendment public disclosure bar*, application is limited to conduct that occurred before the amendment became effective. See Dkt 166 at 11, citing *Health Choice Alliance LLC on behalf of United States v Eli Lilly and Company Inc*, 2018 WL 4026986, *9 (ED Tex),

3

and *United States ex rel Hendrickson v Bank of America NA*, 343 F Supp 3d 610, 623 (ND Tex 2018). But it's unclear whether the amendment became effective in March or July 2010. Further, the record doesn't state when in 2010 Vaughn was hired or the complained-of conduct occurred. See Dkt 166 at 11–13 & nn12–14. As such, Judge Sheldon properly concluded that the evidence is at present insufficient to appropriately apply the pre-amendment version of the public disclosure bar or determine whether Vaughn qualifies as an original source under the same. The parties must follow his ordering language as to discovery and further motion practice on this issue. See Dkt 166 at 28.

*As to the post-amendment public disclosure bar*, it's clear that critical elements of the alleged scheme were placed in the public domain by qualifying sources. See id at 14–18; see also *Federal Recovery Services Inc v United States*, 72 F3d 447, 450 (5th Cir 1995), and *Hendrickson*, 343 F Supp 3d at 625–29. Those disclosures taken together give rise to a sufficient inference of fraud. See *Hendrickson*, 343 F Supp 3d at 625–26; see also Dkt 166 at 18–22. The United States itself took this position in the briefing under review. See Dkts 149 & 150. And it's likewise clear that allegations contained in Vaughn's second amended complaint are substantially the same as information contained in the public disclosures identified by Defendants. See Dkt 166 at 23–25; see also *Hendrickson*, 343 F Supp 3d at 625–26. As such, Judge Sheldon was correct to conclude that Vaughn's complaint contains "substantially the same allegations or transactions" as were publicly disclosed and must on that basis be dismissed—unless he qualifies as an original source of the information. See Dkt 166 at 14 & 24–25, citing 31 USC § 3730(e)(4).

*As to the original source exception to the post-amendment public disclosure bar*, it applies to any individual who "has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the

4

information to the Government before filing an action." 31 USC § 3730(e)(4)(B)(2). Judge Sheldon correctly determined that Vaughn met the voluntary-disclosure requirement. See Dkt 166 at 25–26. But he further concluded, also correctly, that additional details provided by Vaughan didn't "materially add to the alleged fraud scheme." Id at 26. This means that the further conclusion that Vaughn doesn't qualify for the original-source exception under the post-amendment public disclosure bar is correct.

### b. Amended recommendation

Vaughn later filed motions for leave to file a third amended complaint and a reply in support of objections to the Memorandum and Recommendation. Dkts 171 & 185. Judge Sheldon thus issued a subsequent Memorandum and Recommendation in December 2021. He there granted Vaughn's request for leave to file a reply in support of his objections and amended the previously issued Memorandum and Recommendation. Dkt 192. Vaughn timely objected. Dkt 196.

Vaughn again contends that Judge Seldon erred in concluding that his allegations were publicly disclosed, that he doesn't qualify as an original source under the post-amendment public disclosure bar, and that the evidence is insufficient to determine whether he's an original source under the pre-amendment version of the same. Dkt 196 at 6; see also Dkt 170 at 12–34. He also contends that the amended Memorandum and Recommendation doesn't remedy that because as to above-market payments his complaint wasn't there taken as true, and recommendation that his request for leave to amend be denied was in error. Dkt 196 at 9–23.

*As to previously asserted objections*, arguments as to these have been addressed above. The rulings were correct and objections as to them needn't be addressed again.

*As to above-market payments*, Vaughn contends that Judge Sheldon erred by failing to accept his second amended complaint as true, instead accepting the

5

characterization asserted by Defendants and the Government. Id at 7, 9–12; see also Dkt 192 at 4–5. He asserts in support that information concerning the above-market payments and coverage of non-indigent case wasn't publicly disclosed. See Dkt 130 at 23–24. Judge Sheldon in the prior Memorandum and Recommendation explained that "the above-market payments to Medical Schools did not increase the amount of funds available to transfer from Public Hospitals to Texas and therefore did not impact the amount of Medicaid funds allegedly stolen from the federal government." Dkt 166 at 24. But based on argument by Vaughn, Judge Sheldon amended the prior Memorandum and Recommendation to remove that statement. Dkt 192 at 4–5. More important, that comment clearly wasn't central to Judge Sheldon's recommendation, nor does it materially alter any of the critical elements of the alleged scheme contained in the public disclosures Defendants identified.

*As to leave to amend*, Vaughn contends that Judge Sheldon erred in recommending that his request for leave to file a third amended complaint be denied. Dkt 196 at 12–23; see also Dkt 170 at 38–42. To the extent that this objection asserts that Vaughn is entitled to further amendment, leave to amend isn't automatic. And district courts have discretion to deny such requests when amendment would be futile, burdensome, or cause undue delay. See Dkt 192 at 5–6; see also *Wright v Allstate Insurance Co*, 415 F3d 384, 391 (5th Cir 2005). Judge Sheldon's exercise of discretion can't be characterized as an abuse of that discretion, if for no other reason than that this Court would exercise discretion in the same manner.

To the extent this objection instead asserts that further amendment would clarify the impact of above-market payments, it's already been determined that such clarification doesn't change that Vaughn's allegations are barred by public disclosure. See Dkt 192 at 6–7, citing *Great Plains Trust Co v Morgan Stanley Dean Witter & Co*, 313 F3d 305, 329 (5th Cir 2002), and *Hendrickson*, 343 F Supp 3d at 637 (ND Tex 2018) (other citations

6

omitted); see also Dkt 198 at 9–11 (Defendants' response to objections). Thus, amendment in that regard would be futile.

To the extent the objection asserts that further amendment is necessary to bring his allegations under a new legal theory, this action has been pending for over four years, with Vaughn having already filed three complaints. See Dkts 1, 3 & 29. The parties have submitted extensive briefing in that regard. See Dkt 192 at 7 (referencing 500 pages of substantive briefing). Vaughn has had ample opportunity to discuss alternative legal theories, if desired. See id at 7–9 & Dkt 198 at 11–17. As such, further amendment would be burdensome and cause undue delay.

### 4. Conclusion

The Court has reviewed *de novo* the objections by Vaughn. The objections lack merit and disposition is clearly controlled by authority cited in the Memorandum and Recommendation. The Court has otherwise considered and reviewed the Memorandum and Recommendation, the pleadings, and the objections. No clear error appears.

The Memorandum and Recommendation of the Magistrate Judge as amended by him is ADOPTED as the Memorandum and Order of this Court. Dkts 166 & 192.

The joint motion by Defendants to dismiss allegations by Plaintiff Kent Vaughn is GRANTED as to Vaughn's post-amendment FCA claims. Vaughn's claims in that regard are DISMISSED WITH PREJUDICE. The motion is DENIED in all other respects. Dkt 121.

The separate motions to dismiss by Defendants are DENIED AS MOOT. Dkts 122 & 124–127.

The motion by Plaintiff Kent Vaughn for leave to file a third amended complaint is DENIED. Dkt 171.

Vaughn's request for oral argument is DENIED. Dkt 196 at 23.

SO ORDERED.

Signed on April 20, 2022, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge